**FILED**

**December 23, 2014**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 11:50 AM**



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee:  Paulette Cullum | ) | Docket No.  2014-07-0006 |
| | ) | |
| Employer:  K-Mac Holding Corp. | ) | |
| d/b/a Taco Bell | ) | State File No.  57676-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Order Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Affirming and Remanding Interlocutory Order of Court Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 23rd day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Charles L. Holliday, Employee's Attorney | | | | | X | chuckh@garretylaw.com |
| Alex C. Elder, Employer's Attorney | | | | | X | alex@holleyelder.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov


**FILED**

**December 23, 2014**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 11:50 AM**



# TENNESSEE DIVISION OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Paulette Cullum ) | Docket No. 2014-07-0006 |
| ) | |
| Employer: K-Mac Holding Corp. ) | |
| d/b/a Taco Bell ) | State File No. 57676-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

**Affirmed and Remanded – December 23, 2014**

---

## ORDER AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who claims to have injured her knee while performing her duties as an assistant manager at a Taco Bell restaurant on July 18, 2014. Although the employer provided a panel of physicians, it refused to provide additional medical benefits or temporary disability benefits on the basis that the employee failed to show a mechanism of injury or specific injury-causing event. Following an expedited hearing, the trial court denied the employee's request for medical and temporary disability benefits based on a finding that the evidence was insufficient to award such benefits. The employee has appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner, joined.

Charles L. Holliday, Jackson, Tennessee, for the employee-appellant, Paulette Cullum

Alex Elder, Germantown, Tennessee, for the employer-appellee, K-Mac Holding Corp. d/b/a Taco Bell

1

## Factual and Procedural Background

Paulette Cullum ("Employee"), a 33-year old resident of Weakley County, Tennessee, was employed as an assistant manager of a Taco Bell restaurant in Union City owned by K-Mac Holding Corporation ("Employer").[1] On July 18, 2014, Employee was "working lunch rush" in the restaurant when she turned to either throw something away or reach for a pan when her right knee "popped." She reported the incident to her supervisor the following day, July 19, 2014.

On the same day Employee reported the incident to her supervisor, she contacted "Medcor," an entity apparently used by Employer for injury triage and reporting services. According to records from that contact, Employee reported "one day ago she was on the line and is unsure of how she injured herself, she [states] she may have twisted her R knee wrong and now she has pain under the R knee." On July 22, 2014, Employee again contacted Medcor and reported continued pain in her knee along with swelling. At that point, Employee was provided a panel of physicians.

On July 23, 2014, Employee received authorized medical treatment from Dr. Selena Dozier of the Doctor's Clinic in Union City. Notes from that visit indicate the "[i]ncident onset" was "7/18/14" and occurred "at work," though "[t]here was no injury mechanism." Dr. Dozier's notes reflect that Employee "thinks she may have twisted wrong on 7/18 at work." An examination of Employee's knee revealed normal range of motion and no swelling or other deformity. X-rays were normal. Dr. Dozier diagnosed Employee with knee pain. Upon her return two weeks later, Employee had not improved and was referred by Dr. Dozier to an orthopedic physician.

On July 29, 2014, Employer notified Employee that it was denying her claim because there was no mechanism of injury or specific injury-causing event. Thereafter, on September 18, 2014, Employee filed a Petition for Benefit Determination seeking medical and temporary disability benefits. Following unsuccessful mediation efforts, a Dispute Certification Notice was issued on October 15, 2014. Thereafter, Employee filed a Request for Expedited Hearing on October 23, 2014, for the purpose of "provid[ing] testimony of employee to clear up any questions as to whether the injury was caused by a specific incident which arose out of and in the course and scope of employment."

At the expedited hearing, conducted on November 13, 2014, Employer took the position that Employee failed to prove that she suffered an injury primarily arising out

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

2

of her employment. Employer argued that there was no proof of a mechanism of injury or specific injury-causing incident, that Employee could only say she "may" have twisted her knee, and that there was no medical proof showing the employment primarily caused the injury. According to the trial court's order filed on November 26, 2014, Employer's representative, Cantina Watson, testified that Employee never reported a specific injury-causing incident.

Employee apparently described her shoes worn on the date she claims to have injured her knee as being slip-resistant and required by Employer to be worn while working. She argued that the non-slip nature of her shoes might have caused her foot to catch on the floor.

Following the expedited hearing, the trial court concluded that Employee failed to show by a preponderance of the evidence that she sustained an injury primarily arising out of her employment and, therefore, was not entitled to medical benefits or temporary disability benefits. Employee subsequently filed a timely notice of appeal on December 8, 2014. The record on appeal was submitted to the Appeals Board and a docketing notice was issued to the parties on December 19, 2014. For the reasons explained below, the trial court's decision is affirmed.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or
(E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying this standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational

conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A. Record on Appeal

It is well-settled in Tennessee that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As the Special Workers' Compensation Appeals Panel has explained,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7.

4

*See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("Without a transcript or a statement of the evidence, we cannot review the evidence . . . ."); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

In short, "[t]o the extent that resolution of the issues on appeal depend on factual determinations, the lack of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal." *Jernigan*, 2014 Tenn. App. LEXIS 617, at *6. *See also Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007) ("[a]n incomplete appellate record is fatal to an appeal"). It follows that a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell*, 2012 Tenn. App. LEXIS 894, at *10.

In the present case, we have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the trial court to resolve the issues. Moreover, no statement of the evidence has been filed by either party. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's rulings were supported by sufficient evidence.

### B. Compensability and Burden of Proof

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). An injury means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* In order for an injury be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence . . . ." Tenn. Code Ann. § 50-6-102(13)(A).

Further, for injury dates on or after July 1, 2014, "this chapter shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2014). An employee has the burden of proving each element of his or her claim by a

preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2014); *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 541, 543 (Tenn. 1992). This includes the burden of proving that the injury for which benefits are sought arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13). Similarly, when an injured worker is seeking temporary disability benefits, as in this case, the worker must prove that he or she is entitled to such benefits. *See Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004).

Mindful of the foregoing principles, we note that two witnesses, Employee and Ms. Watson, testified at the expedited hearing. Based in part on this testimony, the trial court made several factual findings: (1) Employee turned and experienced pain in her right knee while in the course of her employment on July 28, 2014, (2) Employee timely reported the incident to Employer, and (3) Employee was able to identify the date and approximate time of the incident, but was unable to identify the specific action she was performing when she turned and experienced pain in her knee beyond stating that she turned to either throw something away or reach for a pan. The trial court, noting that Dr. Dozier stated the incident occurred at Employee's workplace but documented nothing to show the mechanism of injury, concluded that the medical proof was insufficient to establish an injury arising primarily out of the employment. As noted above, without a transcript or a statement of the evidence, we have no choice but to presume that the trial court's findings are correct. *Vulcan Materials*, 2004 Tenn. LEXIS 451, at *7 ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.").

Employee has filed a position statement in which she relies upon her testimony and that of her supervisor, whom we assume was Ms. Watson, in arguing that the evidence supports an award of benefits. However, mere assertions of a party cannot establish what occurred in the trial court unless supported by evidence in the record. *Jernigan*, 2014 Tenn. App. LEXIS 617, at *5. Because we have not been provided with any of the testimony taken at the expedited hearing – upon which both the trial court and Employee rely – "there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt*, 2007 Tenn. App. LEXIS 38, at *8.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's conclusion that Employee failed to establish by a preponderance of the evidence she sustained a compensable injury. Further, we find that the trial court's decision does not violate the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings which may be necessary.

6

Marshall L. Davidson, III
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

7